Filed 4/24/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>HANNA FREDRICKSON,<br><br>          Defendant and Appellant. | A164803<br><br>(Mendocino County<br>Super. Ct. No.<br>SCUKCRCR2016861571) |

Among numerous, recent sentencing reforms enacted by the Legislature, Penal Code section 1170, subdivision (b)(6)(B) (Section 1170(b)(6)(B)),[1] effective January 1, 2022, "establishes a presumption [that the court should impose] the lower term if the defendant's youth was 'a contributing factor' in his or her commission of [a] crime '*unless* the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice . . . .' " (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039 (*Flores*); see also § 1016.7, subd. (b) ["A 'youth' for purposes of this section includes any person under 26 years of age on the date the offense was committed"]; Cal. Rules of Court, rule 4.420(e).)[2]  In this case, the trial court

---

[1] All undesignated statutory references are to the Penal Code.

[2] The lower term presumption also applies where any of the following was a "contributing factor in the commission of the offense": "(A) The person

1

imposed a five-year middle-term sentence following revocation of probation without expressly addressing Section 1170(b)(6)(B).

Appellant Hanna Fredrickson (appellant) contends that, because she was 23 years old at the time of her original offense, the court abused its discretion in failing to treat the lower term as the presumptive sentence in sentencing her following revocation of probation. We reject the claim, concluding the court was not required to make an express finding regarding the Section 1170(b)(6)(B) presumption because nothing in the record shows appellant's youth was a "contributing factor" in the commission of the underlying offense. (*Ibid.*) We also reject appellant's ineffective assistance of counsel claim.

## BACKGROUND

In June 2016, the Mendocino County District Attorney filed a felony complaint charging appellant and a codefendant with manufacturing a controlled substance (Health & Saf. Code, § 11379.6, subd. (a); count one) and possession of marijuana for sale (Health & Saf. Code, § 11359; count two). The charges were based on the discovery of honey oil (a form of concentrated cannabis), marijuana, and equipment for the production of honey oil at a house in Willits occupied by appellant and the codefendant.

In June 2019, appellant pleaded no contest to count one and count two was dismissed. In July, in accordance with the plea agreement, the trial court suspended imposition of sentence and placed appellant on formal

---

has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence. . . . (C) Prior to the instant offense, or at the time of the commission of the offense, the person is or was a victim of intimate partner violence or human trafficking." (§ 1170, subd. (b)(6).)

2

probation for three years subject to terms and conditions, including that she serve 185 days in county jail.

In February 2022, appellant admitted three violations of probation, including her failure to surrender to serve the 185 days in custody. In March, the trial court revoked probation and sentenced appellant to a five-year middle-term split sentence comprised of two years in custody and three years of mandatory supervision.

The present appeal followed.

## DISCUSSION

Appellant was 23 years old when she committed the underlying offense in April 2016, and she was sentenced following her probation violation in March 2022, after the effective date of the relevant amendment to section 1170. In declining to re-impose probation and in imposing the middle term, the trial court stated that it believed appellant had not taken responsibility for her actions in 2016 or for her drug addiction, and that her two children deserved a mother who is sober. The court continued, "I don't think probation is appropriate. . . . I am going to revoke that probation permanently and sentence you to local prison. [¶] I do believe that this isn't an aggravated term, that the midterm is the appropriate sentence of five years and I will commit you to local prison for that five-year term. [¶] I think it is important that you have [a] period of enforced sobriety before you are released on mandatory supervision. And I am going to impose a two-year commitment and the balance of five years, three years, will be on mandatory supervision. And if you . . . violate mandatory supervision, then you go back to finish the rest of your sentence."

"To prove an abuse of discretion, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was

3

irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' [Citation.] To meet this burden, the defendant must 'affirmatively demonstrate that the trial court misunderstood its sentencing discretion.' " (*People v. Lee* (2017) 16 Cal.App.5th 861, 866.) " 'Defendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that 'informed discretion' than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

I.     *Appellant Has Not Shown the Lower Term Presumption Applied*

Appellant contends the trial court abused its discretion because nothing in the record suggests the court made the "interests of justice" finding required by Section 1170(b)(6)(B) prior to imposing the middle term. She points out that "[n]either party, probation, nor the trial court mentioned [the lower] term presumption in either briefings, reports, or argument at the sentencing hearing." Appellant urges this court to follow the reasoning of the decisions in *People v. Ochoa* (2020) 53 Cal.App.5th 841 (*Ochoa*) and *People v. Panozo* (2021) 59 Cal.App.5th 825 (*Panozo*), which found error where the record was "ambiguous" as to whether the court understood its statutory obligation to consider certain factors in sentencing. (*Ochoa*, at pp. 852–853; *Panozo*, at p. 839.) We conclude those cases are distinguishable, because appellant has not shown the lower term presumption applied.

A.     *Appellant's Authorities and Other Relevant Caselaw*

4

At issue in *Ochoa* was a statutory obligation to consider "youth-related mitigating factors" in sentencing a defendant who was a minor at the time of commission of a first degree murder. (*Ochoa, supra*, 53 Cal.App.5th at p. 850; see also *id.* at pp. 846–847.) There, the record was "at best . . . ambiguous" whether the trial court had considered such factors—although the court was not required to make findings on the record, the court only received information concerning youth-related mitigating factors after it had sentenced the defendant, and the transcript "suggest[ed]" the court erroneously believed a statutory amendment had eliminated the requirement. (*Ochoa*, at pp. 852–853.) In those circumstances, the *Ochoa* court concluded remand for resentencing was appropriate. (*Ibid.*)

At issue in *Panozo* was the trial court's "statutory obligation to consider [the defendant's] service-related posttraumatic stress disorder (PTSD) . . . as a mitigating factor in evaluating whether to grant probation and in selecting the appropriate determinate term." (*Panozo, supra*, 59 Cal.App.5th at p. 828.) One statute required the court to consider "as a factor in favor of granting probation" that the defendant is a veteran who "may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her service." (§ 1170.9, subdivision (a); see also *Panozo*, at p. 835.) Another statute required the court to consider "as a factor in mitigation" that the defendant "is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service." (§ 1170.91, subdivision (a); see also *Panozo*, at pp. 835–836.)

In *Panozo*, the defendant's "sentencing brief asked for probation, referenced his service-related PTSD, and provided documentation to support

his diagnosis and request for treatment. And defense counsel argued extensively at sentencing that his client's crimes were the byproduct of his military service, warranting probation or imposition of the lower term. But neither the briefs nor the argument referenced sections 1170.9 or 1170.91 or suggested the court was *obligated* to consider [the defendant's] service-related PTSD as a mitigating factor. These statutes were likewise not referenced in the People's sentencing brief or argument. Indeed, the prosecutor maintained there were *no* circumstances in mitigation. And although the probation report described [the defendant's] military service and PTSD diagnosis, it did not list these circumstances among the mitigating factors." (*Panozo*, *supra*, 59 Cal.App.5th at pp. 837–838.) In those circumstances, the *Panozo* court concluded remand for resentencing was required because it was "at the very least, ambiguous as to whether the trial court was aware of its statutory obligations under sections 1170.9 and 1170.91." (*Panozo*, at p. 840.)

In reaching its decision, *Panozo* relied heavily on the decision in *People v. Bruhn* (1989) 210 Cal.App.3d 1195 (*Bruhn*), which applied a prior version of section 1170.9. (*Panozo*, *supra*, 59 Cal.App.5th at pp. 836, 840.) The *Bruhn* court observed that, "In order to trigger the provisions of [former] section 1170.9, the defendant must make an initial showing that he served in combat while a member of the United States Armed Forces and that he suffers from substance abuse or other psychological problems resulting from that service." (*Bruhn*, at p. 1199.) The *Bruhn* court concluded, "We believe it consistent with the Legislature's 'strong concern emotionally affected Vietnam veterans be afforded every opportunity to get meaningful rehabilitative treatment in a facility specifically designed to deal with their unique and complex disorder' [citation] that the trial court should

6

affirmatively indicate an exercise of discretion under section 1170.9 *wherever a prima facie showing of eligibility under that section has been made*." (*Bruhn*, at pp. 1199–1200, italics added.)  Because the defendant there made "a sufficient preliminary showing below that he was a candidate for alternative placement" and the record failed to show the trial court was aware of its statutory obligations, remand for resentencing was required.  (*Id.* at p. 1200.)

We also find instructive the decision in *People v. Sanford* (1988) 204 Cal.App.3d 1181 (*Sanford*), addressing former section 3051 of the Welfare and Institutions Code, which required trial courts to consider commitment for drug rehabilitation "if it appears to the judge that the defendant may be addicted or by reason of repeated use of narcotics may be in imminent danger of becoming addicted to narcotics."  In *Sanford*, "the sentencing court found that [the defendant] was addicted to or in danger of becoming addicted to narcotics.  Therefore, the statute require[d] the initiation of further proceedings to determine whether she should be committed, unless the judge [found] her unfit for such a commitment." (*Sanford*, at p. 1183.)  *Sanford* held that, "[o]n a silent record, we cannot find that the court discharged its duty to initiate [commitment] proceedings when the court found the defendant to be addicted or in imminent danger of becoming addicted." (*Ibid.*)

Finally, in *People v. Young* (1991) 228 Cal.App.3d 171 (*Young*), the court considered *Sanford* (and other cases), and concluded the trial court's obligation to consider commitment was not triggered where the defendant's background included drug use, but "no mention was made of any current or past substance abuse problems of appellant or the possibility of or need for any evaluation of appellant regarding a possible Welfare and Institutions

7

Code section 3051 commitment." (*Young*, at p. 184.) *Young* distinguished the decision in *Bruhn*, *supra*, 210 Cal.App.3d 1195, because the trial court in *Bruhn* had been "put on notice that it must consider [former] section 1170.9 as an alternative sentencing scheme." (*Young*, at p. 186.)

B.      *Analysis*

The Section 1170(b)(6)(B) presumption involved in the present case is analogous to the statutory schemes in the cases discussed above. *Bruhn* best articulates the proper test in reviewing a trial court's failure to expressly apply such a sentencing presumption: the record must "affirmatively" show compliance with a statutory sentencing mandate whenever the mandate has been "trigger[ed]" by an "initial showing" of the applicability of the statute. (*Bruhn*, *supra*, 210 Cal.App.3d at pp. 1199–1200.) The outcomes in *Panozo*, *Sanford,* and *Young* are consistent with that approach,[3] and the same reasoning applies to Section 1170(b)(6)(B).[4] The statute does not mandate a

---

[3] Another court, *People v. Flower* (1976) 62 Cal.App.3d 904, which addressed the same statute involved in *Sanford* and *Young*, took a different approach. *Flower* relied on the Evidence Code section 664 presumption " 'that official duty has been regularly performed,' " to presume compliance with the requirement to consider commitment for drug rehabilitation where "the possibility was clearly raised that the defendant . . . might be addicted to narcotics." (*Id.*, at pp. 909–910; but see *People v. Planavsky* (1995) 40 Cal.App.4th 1300, 1306–1307 (*Planavsky*) [criticizing *Flower*].) Under *Bruhn's* approach, resentencing would have been required. In any event, in the present case, since there was no initial showing of the applicability of Section 1170(b)(6)(B), we need not address the Evidence Code section 664 presumption.

[4] The statute at issue in *Ochoa*, *supra*, 53 Cal.App.5th 841, is different. As interpreted by the courts, the statute (§ 190.5, subd. (b)) requires consideration of youth-related mitigating factors in every instance where a defendant being sentenced for first degree murder with special circumstances was 16 or 17 years old at the time of commission of the crime. (*Ochoa*, at

8

presumption in favor of the lower term in every case in which the defendant was under age 26 at the time the crime was committed. Instead, the presumption applies only if the defendant's youth was "a contributing factor" in his or her commission of the offense. (§ 1170 (b)(6)(B); see also *Flores*, *supra*, 73 Cal.App.5th at p. 1039.)[5] Under the reasoning of the above cases, in order to trigger the presumption, there must be some initial showing that the defendant's youth was a contributing factor, and only then must the record affirmatively show compliance with the statute.

In supplemental briefing, appellant argues "[s]ection 1170.9, unlike [Section 1170(b)(6)(B)], explicitly places the initial burden on the defendant to raise the issue of qualification." It is true that section 1170.9 *currently* states, "In the case of any person convicted of a criminal offense . . . *and who alleges that the person committed the offense as a result of* [conditions] stemming from service in the United States military, the court shall, prior to sentencing, make a determination . . ." (Emphasis added.) However, at the time *Bruhn* was decided, former section 1170.9 stated in relevant part, "In the case of any person convicted of a felony who would otherwise be sentenced to state prison the court shall consider whether the

---

pp. 850–852.) No additional finding, such as that youth was a contributing factor in the crime, is required to trigger the statute's mandate.

[5] In *Flores*, this court remanded for resentencing where Section 1170(b)(6)(B) was enacted while a youth's challenge to his sentence was pending on appeal. (*Flores*, *supra*, 73 Cal.App.5th at pp. 1039–1040.) There, the defendant's youth alone was a sufficient basis to require a remand, because the parties and the trial court had not had the opportunity to consider Section 1170(b)(6)(B) at the time of the original sentencing. This court acknowledged that the lower term presumption would not apply absent the "contributing factor" finding, and we had no occasion to consider if an express finding regarding Section 1170(b)(6)(B) would have been required had the statute been in existence at the time of the original sentencing.

9

defendant was a member of the military forces of the United States who served in combat in Vietnam and who suffers from substance abuse or psychological problems resulting from that service." (*Bruhn, supra,* 210 Cal.App.3d at p. 1198, fn. 2.) Accordingly, *Bruhn's* conclusion that "[i]n order to trigger the provisions of section 1170.9, the defendant must make an initial showing that he served in combat while a member of the United States Armed Forces and that he suffers from substance abuse or other psychological problems resulting from that service" (*id.* at p. 1199) was not based on any express statutory language requiring a defendant to raise the issue. *Bruhn's* reasoning is fully applicable here.

Appellant also argues she had the burden of making an initial showing *only* that she was under 26 years old at the time of the underlying offense. But that disregards the plain statutory language that makes youth a ground for the lower term presumption solely if it was "a contributing factor in the commission of the offense." (§ 1170, subd. (b)(6).) *Panozo* and *Bruhn* did not disregard the analogous causation language in former and current section 1170.9 ("resulting" and "as a result of … stemming from") in articulating the requisite showing in that statutory context, and it would not be proper for us to do so here. (*Metcalf v. Cnty. of San Joaquin* (2008) 42 Cal.4th 1121, 1131 [" 'If the [statutory] language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.' "].)[6]

---

[6] In support of her interpretation, appellant cites to a sentence in a Senate legislative analysis stating, "This bill requires the court to additionally consider . . . if the defendant is a youth or was a person under the age of 26 at the time of the commission of the offense, and whether those circumstances were a contributing factor in the commission of the offense." (Sen. Com. on Public Safety, Analysis of Assem. Bill No. 124 (2021–2022 Reg. Sess.) as amended Apr. 15, 2021, p. 3.) Even if appellant were correct that

A comparison to section 1001.36, subdivision (b)(2)—relating to eligibility for pretrial diversion—provides further support for our conclusion that the Legislature meant what it said in including the "contributing factor" requirement in section 1170, subdivision (b)(6). Section 1001.36, subdivision (b)(2) provides that, if a defendant has been diagnosed with a mental disorder, "the court shall find that the defendant's mental disorder was a significant factor in the commission of the offense unless there is clear and convincing evidence that it was not a motivating factor, causal factor, or contributing factor to the defendant's involvement in the alleged offense." The Legislature's failure to include such language in section 1170, subdivision (b)(6), is further support for our conclusion that the "contributing factor" requirement is part of the initial showing. (See *People v. Murphy* (2001) 25 Cal.4th 136, 159 [looking at language "in other sentencing statutes" and concluding "the Legislature has shown that when it wants" to achieve a particular end "it knows how to use language clearly expressing that intent"].)[7]

_____

that ambiguous sentence supports her interpretation, we could not rely on it to adopt a construction contradicting the plain language of the statute. (*Huff v. Securitas Sec. Servs. USA, Inc.* (2018) 23 Cal.App.5th 745, 755 ["Legislative history, even when appropriately considered, cannot be used to contradict language that the Legislature decided to include in the statute."].) In any event, the passage relied upon by appellant actually refers to a *separate* part of the enactment relating to a resentencing petition "when a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years. . ." (§ 1170, subd. (d)(1)(A).) The portion of the Senate analysis addressing the portion of the enactment at issue in the present appeal mirrors the statutory language.

[7] Arguably, it would be reasonable to presume a defendant's youth is a contributing factor whenever a youth commits a crime. (See *In re Williams* (2020) 57 Cal.App.5th 427, 434 [referencing scientific studies regarding brain

Prior caselaw does not clarify what initial showing would be sufficient to obligate a trial court to make an express finding regarding the Section 1170(b)(6)(B) lower term presumption. The *Bruhn* court variously referred to an "initial showing," a "prima facie showing," and a "preliminary showing." (*Bruhn, supra*, 210 Cal.App.3d at pp. 1199–1200.) In *Panozo*, there was a sufficient showing where the defendant provided "documentation to support his diagnosis and request for treatment" and where "defense counsel argued extensively at sentencing that his client's crimes were the byproduct of his military service." (*Panozo, supra*, 59 Cal.App.5th at pp. 837–838.) In *Young, supra*, 228 Cal.App.3d at page 186, the court distinguished *Bruhn* on the basis that the trial court in *Bruhn* had been "put on notice that it must consider [former] section 1170.9 as an alternative sentencing scheme." That suggests that an initial showing has been made when the record and/or arguments are sufficient to put a trial court on notice that a defendant's youth may have been a contributing factor in commission of the underlying offense.

In any event, we have no occasion to decide the precise nature of the showing required because appellant did not suggest below that Section 1170(b)(6)(B) applied, and appellant concedes "[t]here was no explicit indication in the record that appellant's youth contributed to the commission of the offense." This court has reviewed the probation reports, appellant's sentencing memorandum, the letters submitted on her behalf, and the

---

development].) And it may or may not also be reasonable to make such a presumption if a defendant has shown applicability of one of the circumstances in section 1170, subdivisions (b)(6)(A) or (C). But the Legislature opted to require a finding of causation as to all of the circumstances in section 1170, subdivision (b)(6), and we have no authority to rewrite the statute. (*In re I.A.* (2019) 40 Cal.App.5th 19.)

arguments at the sentencing hearing, and we have found no clear indication appellant's youth was a contributing factor in the 2016 offense. Of course, it is possible facts or arguments could have been developed that would have constituted such an initial showing, but there is no basis for this court to conclude the trial court's failure to expressly consider the lower term presumption requires a remand.[8]

II. *Appellant Has Not Shown Ineffective Assistance of Counsel*

In the alternative, appellant contends defense counsel's failure to argue for the Section 1170(b)(6)(B) presumption constitutes ineffective assistance of counsel. "To prevail on this claim, [appellant] must show [her] counsel's representation fell below an objective standard of reasonableness and, but for counsel's error, there is a reasonable probability of a more favorable outcome." (See *People v. Lizarraga* (2003) 110 Cal.App.4th 689, 693.)

---

[8] We observe that, although our analysis may in effect impose an obligation on a defendant to present information and/or arguments that suggest applicability of the lower term presumption, we do not conclude appellant forfeited the benefit of the presumption. The statute mandates application of the lower term presumption in the specified circumstances; the mandate does not apply if not triggered by an initial showing, but it is not subject to forfeiture. (See *Panozo*, *supra*, 59 Cal.App.5th at p. 840 [no forfeiture where the defendant "does not challenge the manner in which the trial court *exercised* its sentencing discretion but rather its apparent misapprehension of statutory sentencing obligations"]; but see *Planavsky*, *supra*, 40 Cal.App.4th at pp. 1310–1312 [holding that a defendant forfeits a claim under former Welfare and Institutions Code section 3051 if the defendant did not raise the possibility of a drug commitment to the trial court].) Notably, the initial showing need not be made by the defendant; the showing could be made by the prosecution or by facts or recommendations in a probation officer's report. And the defendant need not specifically request application of the lower term presumption if the record shows youth contributed to commission of the underlying offense.

It is true that "a defense attorney who fails to adequately understand the available sentencing alternatives, promote their proper application, or pursue the most advantageous disposition for his client may be found incompetent." (*People v. Scott* (1994) 9 Cal.4th 331, 351.) However, on the record in this case, appellant cannot demonstrate ineffective assistance of counsel *on direct appeal*. As appellant concedes, there is no indication in the record that appellant's youth was a "contributing factor" in her commission of the underlying offense. (§ 1170 (b)(6)(B).) Absent that, we cannot conclude counsel was deficient in failing to present information that may or may not exist, or argue the lower term presumption applied. And, for the same reason, we cannot conclude it is reasonably probable appellant would have received a more favorable result if counsel had made that argument.

Because appellant cannot show deficient performance or prejudice on the present record, her ineffective assistance of counsel claim is denied. If there is extra-record information that appellant's youth was a contributing factor in her commission of the underlying offense, she may pursue her claim through a writ of habeas corpus. (See *People v. Mai* (2013) 57 Cal.4th 986, 1009; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267.)

DISPOSITION

The judgment is affirmed.

14

_____

SIMONS, J.

We concur.

_____

JACKSON, P. J.

_____

BURNS, J.

(A164803)

**People v. Fredrickson (A164803)**


Trial Judge:         Hon. Keith Faulder


Trial Court:        Mendocino County Superior Court


Attorneys:

        Kaiya R. Pirolo, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, René A. Chacón and Moona Nandi, Deputy Attorneys General, for Plaintiff and Respondent.